UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Blair Coleman, | : <br> : <br> : Civil Action No.: 3:21-cv-937 <br> : <br> : <br> : <br> : **COMPLAINT** <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| ProCollect, Inc., | |
| Defendant. | |

For this Complaint, the Plaintiff, Blair Coleman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Blair Coleman ("Plaintiff"), is an adult individual residing in Fayetteville, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of Procollect, Inc. 12170 North Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Orleans at Fannin Apartments (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

8. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    ProCollect Engages in Harassment and Abusive Tactics**

9. In December 2020, Plaintiff discovered the Debt on her credit report.

10. ProCollect reported to the credit bureaus that Plaintiff owed a balance of $7,145.00 to Orleans at Fannin Apartments, which is located in Houston, TX.

11. Plaintiff immediately contacted ProCollect and explained that she never lived in Houston, Texas and she did not incur the Debt.

12. ProCollect requested that Plaintiff provide evidence of residence for the time period the apartment Debt was incurred - March through August 2020.

13. As requested, on January 11, 2021, Plaintiff emailed ProCollect her mortgage statements for her residence located in Fayetteville, North Carolina for the time frame at issue as well as a copy of the Identity Theft Report Plaintiff filed with the Federal Trade Commission.

14. On or about January 13, 2021, Plaintiff called ProCollect and confirmed that ProCollect received her documents.

15. After receiving evidence that Plaintiff was a victim of identity theft, ProCollect continued to attempt to collect the Debt from Plaintiff via letter dated January 15, 2021 (the "Letter").

16. In the Letter, ProCollect stated "Our client contends that this is a true and valid debt and has enlisted our help in recovering their loss. To avoid further collection efforts please forward payment in full by return mail immediately."

17. Enclosed with the Letter, ProCollect sent Plaintiff the Lease Application Agreement, the Apartment Lease Contract, and the Final Account Statement.

18. The Lease Application Agreement contains information provided by the debtor.

19. The personal information the debtor provided in the Lease Application Agreement contains numerous inaccuracies with respect to Plaintiff's identifying information. The inaccuracies include, but are not limited to, wrong (1) driver's license information, (2) phone number, (3) email address, (4) name of person identified as sister, (5) current residence information, and (6) current employer.

20. By letter dated February 6, 2021 ("February 6th Letter), ProCollect continued to attempt to collect the Debt from Plaintiff.

21. In the February 6th Letter, ProCollect stated:

A negative line item on your credit report can remain for up to seven (7) years and may among other things, significantly affect your ability to:

(1) Obtain additional credit;

(2) Obtain employment;

(3) Purchase a home or car; or even

3

      (4) Qualify for an apartment rental.

      We encourage you to make a payment arrangement today.

22. ProCollect's continued attempt to collect a debt that does not belong to Plaintiff caused Plaintiff a significant amount of frustration, annoyance and inconvenience.

**C.**     **<u>Plaintiff Suffered Actual Damages</u>**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

24. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## <u>COUNT I</u>

## <u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,</u> *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character and legal status of the Debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the Debt had not been verified.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of

      privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 26, 2021

      Respectfully submitted,

      By */s/ Jody B. Burton*

      Jody B. Burton, Esq.
      CT Bar # 422773
      LEMBERG LAW, L.L.C.
      43 Danbury Road, 3rd Floor
      Wilton, CT 06897
      Telephone: (203) 653-2250
      Facsimile: (203) 653-3424
      E-mail: jburton@lemberglaw.com
      Attorneys for Plaintiff